UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Emergency Services of Texas, P.A., | § | |
| Hill Country Emergency Medical | § | |
| Associates, P.A., Longhorn Emergency | § | |
| Medicine Associates, P.A., and ACS | § | |
| Primary Care Physicians Southwest, P.A., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CASE NO.: 5:19-cv-138 |
| | § | |
| Humana Insurance Company, Humana | § | |
| Health Plan, Inc., and Humana Health | § | |
| Plan of Texas, Inc., | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFFS' MOTION TO REMAND

To the Honorable Court:

Plaintiffs Emergency Services of Texas, P.A., Hill Country Emergency Medical Associates, P.A., Longhorn Emergency Medicine Associates, P.A., and ACS Primary Care Physicians Southwest, P.A. (collectively, the "Plaintiffs"), move to remand under 28 U.S.C. § 1447 and respectfully show the Court as follows:

**PLAINTIFFS' MOTION TO REMAND**

## I.   SUMMARY OF THE ARGUMENT

Humana[1] has removed this case to federal court on two bases, each based on jurisdictional grounds that are not present in this case.  First, Humana, despite being a publicly traded health insurer that reported nearly $3 billion in adjusted gross income for fiscal year 2018, claims to be a federal officer because it administers Medicare Advantage plans and Federal Employee Health Benefit Act ("FEHBA") plans.  But Humana ignores the fact that Plaintiffs expressly disclaimed pursuing any causes of action relating to Medicare Advantage claims in their Petition.  To make clear that these types of plans are not involved, Plaintiffs submit the attached Declaration of Kent Bristow unequivocally disclaiming any intent to pursue claims relating to Humana's Medicare Advantage plans or FEHBA plans.  Because Plaintiffs do not seek to recover under Texas law on those types of plans, whether Humana is a federal officer is irrelevant.

Humana then asserts complete preemption under ERISA (29 U.S.C. § 1132(a)(1)(B)) as its second basis for federal jurisdiction.  But as explained below, complete preemption under ERISA arises only when a plaintiff is seeking benefits payable ***under an employee health plan***.  Here, Plaintiffs' claims make no reference to an employee health plan; rather, they are based on the Texas Insurance Code, which requires Humana to pay Plaintiffs the usual and customary rate for providing emergency care to Humana's insureds.  Moreover, Plaintiffs do not dispute any coverage determinations that Humana made; rather, they assert causes of action only with respect to healthcare claims that Humana determined were payable, but failed to pay at the usual and customary rate.  Complete preemption under ERISA therefore does not apply, and this case should be remanded to state court.

---

[1] As used in this Motion, "Humana" refers to Defendants Humana Insurance Company, Humana Health Plan, Inc. and Humana Health Plan of Texas, Inc.

**PLAINTIFFS' MOTION TO REMAND – PAGE 1**

## II.   BACKGROUND

Plaintiffs are four groups of emergency medicine physicians who provide emergency care at more than forty Texas hospitals and free-standing emergency departments.  As Texas and federal law require, the Plaintiffs treat any patient who presents at their emergency departments, regardless of that patient's ability to pay.[2]  In the course of doing so, Plaintiffs have provided emergency care to thousands of Humana insureds.

As explained in Plaintiffs' Petition, Plaintiffs do not have a contract with Humana; therefore, they are considered out-of-network providers.  Recognizing that emergency care providers are required to treat any patient who presents with an emergency condition (and that patients undergoing an emergency may not have time to consider whether the hospital they go to is in-network), the Texas Insurance Code requires an insurer like Humana to reimburse healthcare providers for emergency care at the usual and customary rate (and to provide their insureds with the preferred level of benefits).[3]  Despite this statutory obligation, Humana has failed to do so, and has instead reimbursed Plaintiffs at rates far below the usual and customary rate.[4]

Plaintiffs therefore brought this action to compel Humana to pay them the usual and customary rate for the emergency care that they have provided to Humana's insureds, as Texas law requires.[5]  Plaintiffs asserted causes of action based solely on Humana's obligations under the

---

[2] *See* Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd; Tex. Health & Safety Code §§ 311.022–.024; Tex. Health & Safety Code §§ 241.027–.028, 241.055–.056.

[3] *See* Tex. Ins. Code § 1271.155; *see also id.* § 1301.0053 (implementing same requirement with respect to exclusive provider organization plans); *id.* § 1301.155(b); 28 Tex. Admin. Code § 3.3708(a)(1), (b)(1) (for PPO plans, requiring insurers to reimburse out-of-network providers of emergency services "at the preferred level of benefits" which is at the usual and customary rate).

[4] Pls.' Original Petition, filed Jan. 3, 2019 ("Petition"), ¶ 20.  In advance of filing their Petition, Plaintiffs provided a list of underpaid healthcare claims to Humana with correspondence notifying Humana of this dispute.

[5] Petition ¶¶ 26–42.

**PLAINTIFFS' MOTION TO REMAND – PAGE 2**

Texas Insurance Code; Plaintiffs do not seek any relief under the terms of a particular patient's

particular health plan, nor do they seek to recover on claims where Humana denied coverage based

on the terms of a plan.[6]   Additionally, Plaintiffs do not seek any relief with respect to services

provided to Humana's Medicare Advantage members or to its FEHBA members.[7]

Prior to filing this lawsuit, Plaintiffs sent a timely pre-suit demand to Humana that included

a list of claims that Plaintiffs contend Humana did not pay at the usual and customary rate, as

Texas law requires.[8]  That list of individual healthcare claims was not attached to, nor incorporated

by reference in, Plaintiffs' Petition.  Humana removed the case to this Court on February 14, 2019,

on the basis of (i) federal officer removal jurisdiction; and (ii) ERISA preemption.[9]

### III.    ARGUMENTS AND AUTHORITIES

### A.    Legal standard for removal.

Motions to remand are analyzed by reference to the allegations contained in the original

complaint. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).  Generally, when there is

no diversity jurisdiction, "a case will not be removable if the complaint does not affirmatively

allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  "The removing

defendant bears the burden of showing that federal jurisdiction exists and that removal was

proper." *Magallanez v. All State Fire & Cas. Ins. Co.*, SA-16-CV-1131-OLG, 2017 WL 3274907,

at *1 (W.D. Tex. Feb. 6, 2017) (Garcia, J.) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408

(5th Cir. 1995)).  Furthermore, a defendant cannot, "merely by injecting a federal question into an

action that asserts what is plainly a state-law claim, transform the action into one arising under

---

[6] Petition ¶ 22 (pleading that Plaintiffs "do not seek to recover on any claims where Defendants denied coverage of the emergency care that Plaintiffs provided."); *see also* **Exhibit 1** – Declaration of Kent Bristow (March 15, 2019) ("Bristow Decl.") ¶ 4.
[7] **Exhibit 1** – Bristow Decl. ¶¶ 5-6; *see also* Petition ¶ 11 n. 1.
[8] Petition ¶ 28 n. 3.
[9] Defs.' Not. of Removal ("Notice") [Dkt. No. 1].

**PLAINTIFFS' MOTION TO REMAND – PAGE 3**

federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987).

**B.      Humana is not entitled to remove this case on the basis of federal-officer jurisdiction.**

Humana first asserts this Court has jurisdiction under the federal officer removal statute, which permits removal of claims against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1).   Humana contends that some of Plaintiffs' claims arise from insurance plans provided under Medicare Advantage and FEHBA, and that its challenged actions concerning the payment of health benefits under these plans was done at the direction of the Government, conferring federal officer jurisdiction.[10]   Ultimately, this is irrelevant, because Plaintiffs do not seek to recover with respect to healthcare claims for patients with Medicare Advantage or FEHBA health plans.

Humana contends that Plaintiffs seek damages in connection with Medicare Advantage claims based solely on the fact that, according to Humana, three Medicare Advantage claims were included on the list of the healthcare claims that Plaintiffs furnished to Humana pre-suit.[11]   Humana ignores the fact that Plaintiffs' Petition expressly disclaimed pursuing any claims arising under plans issued under Medicare Advantage.[12]   It is well-established that a plaintiff is the master of its complaint, and when faced "with a choice between federal- and state-law claims," a plaintiff "may

---

[10] *See* Notice ¶¶ 8–10.

[11] In advance of providing the list of healthcare claims to Humana, Plaintiffs applied an age cutoff to attempt to exclude all Medicare Advantage claims.  The three Medicare Advantage claims that Humana identified in Exhibit E-1 to its Notice are all for the same beneficiary, who has not reached the age of Medicare eligibility.

[12] *See* Petition ¶ 11 n.1 ("Plaintiffs do not assert any causes of action with respect to any patient whose health insurance was issued under Medicare Part C (Medicare Advantage).").

**PLAINTIFFS' MOTION TO REMAND – PAGE 4**

elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Travelers Indemnity Company v. Sarkisian*, 794 F.2d 754, 758 (2d Cir.), *cert. denied*, 479 U.S. 885 (1986); 1A James W. Moore & Brett A. Ringle, Moore's Federal Practice ¶ 0.160 (2d ed. 1979) (noting the freedom of the plaintiff to "ignore the federal ground and rely on the state ground")).   Thus, contrary to Humana's contentions, and as the Petition makes clear, Plaintiffs are not suing Humana for claims arising from Medicare Advantage plans.  The attached Declaration reiterates Plaintiffs' express disclaimer of pursuing any claims in this action that arise from Medicare Advantage plans.[13]  Because claims arising under Medicare Advantage plans are not at issue in this case, whether Humana acts as a federal officer when administering those plans is irrelevant.[14]

With respect to claims for patients who have FEHBA health plans, Plaintiffs' Petition is silent with respect to such claims.  Humana asserts that it identified nine individual healthcare claims on Plaintiffs' pre-suit claims list that it contends are for FEHBA patients.[15]  Prior to the filing of Humana's Notice of Removal, Plaintiffs were not aware that any of the claims at issue were for FEHBA members.[16]  As explained in the attached declaration, Plaintiffs expressly disclaim pursuing any claims in this action that arise from FEHBA plans.[17]  Whether Humana is a

---

[13] **Exhibit 1** – Bristow Decl. ¶ 5.
[14] *See* Notice ¶ 9.
[15] Exhibit E-1 to Humana's Notice, rows 171-179.
[16] **Exhibit 1** – Bristow Decl. ¶ 6.
[17] *Id.*

**PLAINTIFFS' MOTION TO REMAND – PAGE 5**

federal officer with respect to FEHBA claims is therefore also irrelevant, because FEHBA claims are not at issue in this case.

Plaintiffs' explicit disclaimer of pursuing any healthcare claims payable under a Medicare Advantage or FEHBA plan therefore obviates the need for this Court to exercise federal jurisdiction under the federal officer removal statute as Humana has pleaded.  In *Lone Star OB/GYN Associates v. Aetna*, a case which originated in this District, the Fifth Circuit explicitly permitted a plaintiff to, post-removal, disclaim its intent to pursue certain categories of healthcare claims, even though it had listed those claims on a spreadsheet attached to its petition.  *See Lone Star OB/GYN v. Aetna Health Inc*., 579 F.3d 525, 532-33 (5th Cir. 2009).  This is particularly appropriate here, given Plaintiffs' express disclaimer of pursuing Medicare Advantage claims in its Petition, and its lack of knowledge of the existence of any FEHBA claims.  Furthermore, as explained below, Plaintiff's pre-suit list of claims is not part of Plaintiffs' Petition for jurisdictional purposes.

Because Plaintiffs' express disclaimer of pursuing any claims arising from Medicare Advantage and FEHBA plans negates any grounds for federal officer jurisdiction, this Court should remand this case to state court.

**C.**      **Humana is not entitled to remove this action on the basis of ERISA preemption.**

Humana's second basis for removal is complete preemption under ERISA.  Contrary to Humana's contention, Plaintiffs' state law action is not "clearly an enforcement action seeking to recover benefits falling with the scope of the Complete Preemption Doctrine"[18]; rather, Plaintiffs' causes of action rest on an independent legal basis, and complete preemption does not exist.

---

[18] *Id.*

**PLAINTIFFS' MOTION TO REMAND – PAGE 6**

Complete preemption is an exception to the well-pleaded complaint rule that exists only *in extraordinary circumstances* when Congress intends not only to preempt certain state law, *but to replace it with federal law*.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66 (1987); *see also Caterpillar Inc.*, 482 U.S. at 393.  Complete preemption requires a clearly manifested Congressional intent to make causes of action removable to federal court.  *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1163 (5th Cir. 1989).  ERISA, the federal law governing employee benefits, completely preempts state law only to the extent that the state law "duplicates, supplements, or supplants the ERISA civil enforcement remedy."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).  Importantly, complete preemption under ERISA *does not* extend to state laws and state-law causes of action that "attempt to remedy any violation of a legal duty *independent of ERISA*"—that is, state law causes of action that are distinct and independent from the terms of an employee health benefit plan.  *Id*. at 214; *see also Lone Star OB/GYN Associates*, 579 F.3d at 529.  In other words, when a claim implicates *an independent legal duty*, unrelated to ERISA or the terms of an ERISA plan, it does not overlap with the ERISA enforcement scheme and is therefore not preempted.  *See id.* at 529-30 (citation omitted).

As the party removing the case, Humana bears the burden of establishing complete preemption under ERISA. To satisfy this burden, Humana must establish that (1) Plaintiffs could have brought their claims directly under ERISA, and (2) Plaintiffs' state law causes of action are not predicated on a legal duty that is independent of ERISA.  *See Davila*, 542 U.S. at 210; *Conn. State Dental Ass'n v. Anthem Health Plans*, 591 F.3d 1337, 1345, 1353 (11th Cir. 2009).  As neither prong is satisfied, remand of this case is appropriate.

**PLAINTIFFS' MOTION TO REMAND – PAGE 7**

1.      **Plaintiffs could not have asserted their claims under ERISA.**

As noted above, Plaintiffs have no written provider agreement with Humana, and thus are out-of-network providers.  Plaintiffs do not bring suit under ERISA or the ERISA plans at issue, nor are they a participant or beneficiary of those plans authorized to independently bring suit under ERISA.  *See* 29 U.S.C. § 1132(a)(1)(B) (authorizing a "participant or beneficiary" to bring a civil action to recover benefits due under a plan).  Further, Plaintiffs' do not sue derivatively to enforce an ERISA plan beneficiary's claim for benefits.

Instead, as explained above, Plaintiffs asserted their claims to enforce their independent rights, under Texas law, to timely payment at the usual and customary rate for emergency care provided to Humana's insureds.  This right is not derivative of or dependent upon the terms of any particular patient's benefit plan in anyway; indeed, the terms of the patients' benefit plans are irrelevant to Plaintiffs' claims.  All that matters, under the relevant sections of the Texas Insurance Code, is whether the Plaintiffs were non-participating providers and provided emergency care to Humana's insureds.  *See* Tex. Ins. Code § 1271.155 (HMO plans), § 1301.0053 (EPO plans); *id.* § 1301.155(b); 28 Tex. Admin. Code § 3.3708(a)(1), (b)(1) (PPO plans).  Once those two elements are established, Plaintiffs are entitled to payment at the usual and customary rate regardless of what the patients' individual health plans say.  *Id.*  The same is true of Plaintiffs' claim for violation of the prompt pay statute—those claims have no relationship to the terms of any individual patient benefit plan.

In determining whether a claim for payment falls within the purview of ERISA's civil enforcement provision, the Fifth Circuit distinguishes between claims that implicate the ***right*** of payment, which are preempted by ERISA, and claims that implicate the ***rate*** of payment, which ***are not*** preempted.  *Lone Star*, 579 F.3d at 530.  As the Petition makes clear, Plaintiffs' claims in

**PLAINTIFFS' MOTION TO REMAND – PAGE 8**

this action concern the *rate* of payment, and not the *right* to payment, thus ERISA preemption does not apply. *See id.* ("Where, however, a medical service is determined to be covered and the only remaining issue is the proper contractual rate of payment, coverage and benefit determinations are not implicated and the claims are not preempted."). Indeed, Plaintiffs specifically pleaded that they are not pursuing claims where Humana denied coverage—in other words, a dispute over the right to payment.[19]

In its Notice, Humana argues that certain of the healthcare claims on Plaintiffs' pre-suit list of claims—three claims, to be exact—were partially paid because coverage on those claims was partially denied.[20] In other words, Humana claims to have paid one individual charge on the claim, but simultaneously denied other charges on the same claim.[21] Thus, Humana argues, Plaintiffs' lawsuit is an enforcement action seeking to recover benefits and rights arising under an ERISA plan, which falls within the purview of ERISA's civil enforcement provision.[22]

Humana's argument ignores the fact that Plaintiffs explicitly pleaded in their Petition that they "do not seek to recover on any claims where Defendants denied coverage of the emergency care that Plaintiffs provided."[23] Plaintiffs reiterate this intent to pursue only claims that were underpaid, rather than claims that were denied, in the attached declaration.[24] This is consistent with the Plaintiff's pre-suit list of claims, which contains only claims that Humana paid, but paid at an amount below the statutorily required usual and customary rate. Plaintiffs' reaffirmation of the statements in its Petition that it does not seek to recover for any claims or charges that Humana

---

[19] Petition ¶ 22; *see also* **Exhibit 1** – Bristow Decl. ¶ 4.
[20] Notice ¶ 33 & n.6.
[21] Healthcare claims often include multiple charges within the same claim, with each charge representing a distinct service that the Plaintiffs provided to the patient at issue.
[22] *See id.*
[23] Petition ¶ 22.
[24] **Exhibit 1** – Bristow Decl. ¶ 4.

**PLAINTIFFS' MOTION TO REMAND – PAGE 9**

denied, as opposed to underpaid, establishes that Plaintiffs' claims are independent of any individual patient's health plan.  *See Lone Star OB/GYN*, 579 F.3d at 532-33.

> ### 2.      Plaintiffs' claims arise from an independent legal duty from ERISA.

Plaintiffs' claims also arise from duties that are completely independent of ERISA—namely, Humana's duty under the Texas Insurance Code to reimburse out-of-network providers for emergency care at the usual and customary rate, and to do so within thirty days of receipt of Plaintiffs' claim for payment.  These statutory duties are entirely independent of ERISA.  Indeed, federal courts have found that claims like those asserted by Plaintiffs implicate independent legal duties that do not implicate ERISA's civil enforcement scheme.  *See, e.g., Lone Star*, 579 F.3d at 532 ("[I]n seeking remedies under the Texas Pay Prompt Act, Lone Star is not seeking relief that 'duplicates, supplements or supplants' that provided by ERISA.") (citation omitted); *Compass Hosp. v. Time Ins. Co.*, SA-10-CA-326-OG, 2010 WL 11598128, at *2 (W.D. Tex. Dec. 6, 2010) (Orlando, J.) ("In seeking remedies under the Texas Pay Prompt Act, Lone Star is not seeking relief that 'duplicates, supplements or supplants' that provided by ERISA; the statutory duty of prompt payment is separate and apart from the benefit plan.") (collecting cases).[25]  Federal courts in other states, with statutes similar to the Texas Insurance Code provisions at issue in this case, uniformly agree.  *See, e.g.*, *Emergency Servs. of Zephyrhills, P.A. v. Coventry Health Care of Fla., Inc.*, 281 F. Supp. 3d 1338, 1345–46 (S.D. Fla. Apr. 5, 2017) (remanding out-of-network provider's claim under similar Florida statute); *Orthopaedic Care Specialists, P.L. v. Blue Cross*

---

[25] *See also Kindred Hosps. Ltd. P'ship v. Aetna Life Ins. Co.*, 3:16-CV-3379-D, 2017 WL 2505001, at *6 (N.D. Tex. June 9, 2017) ("The Fifth Circuit has held that a provider's Texas Insurance Code claim for deceptive and unfair trade practices is not completely preempted by ERISA because the claim is independent of the plan's obligations under the insurance policy. This rule has remained intact since *Davila* was decided.") (citing *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 250 (5th Cir. 1990) and *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 386 (5th Cir. 2011), *aff'd en banc*, 698 F.3d 229 (5th Cir. 2012)).

**PLAINTIFFS' MOTION TO REMAND – PAGE 10**

*& Blue Shield of Fla., Inc.*, Case No. 12-81148-CIV, 2013 WL 12095594, at *2 (S.D. Fla. Mar. 3, 2013) (same); *Rocky Mountain Holdings, LLC v. Blue Cross & Blue Shield of Fla.*, No. 6:08-cv-686-Orl-19KRS, 2008 WL 3833236, at *4–5 (M.D. Fla. Aug. 13, 2008) (remanding out-of-network provider's claim under similar Florida statute because "Defendants have already determined that the patients' claims were covered by the plans," so the "issue is whether Defendants reimbursed the providers at a rate consistent with Florida law").

Because Plaintiffs bring claims that are independent of any duty under ERISA, ERISA preemption does not apply, and this Court lacks federal-question subject-matter jurisdiction over this action.  Accordingly, the Court should grant Plaintiffs' Motion to Remand.

**D.**      **Plaintiffs' pre-suit list of claims is not part of Plaintiffs' well-pleaded complaint.**

Each of Humana's jurisdictional allegations is based on a few specific healthcare claims identified in the list of claims that Plaintiffs served on Humana prior to filing this suit; that list was not attached to Plaintiffs' Petition, or Humana's Notice of Removal.  Indeed, the excel spreadsheet that Humana attached to its Notice includes only certain of the claims identified on Plaintiffs' pre-suit claims list, and includes additional information (such as plan type) not available to Plaintiffs.

In support of its argument that Plaintiffs' suit is one that implicates coverage determinations, Humana relies on three exemplar claims from that pre-suit claim list.[26]  Other courts have held, however, that healthcare claims identified on a list of claims served pre-suit and not otherwise included in a plaintiff's petition cannot serve as the basis for removal jurisdiction, particularly where, as here, those individual claims conflict with the allegations in the plaintiffs' complaint.  *See, e.g.*, *Methodist Hosps. of Dallas v. Aetna Health Inc.*, 3:13-CV-4992-B, 2014 WL 3764879, at *5 (N.D. Tex. July 30, 2014) ("Aetna relies on the three exemplar claims to show that

---

[26] *Id.* Humana attaches the Explanation of Benefits ("EOB") related to these three claims in Exhibit H to its Notice of Removal. *See* Notice, Exhibit H.

**PLAINTIFFS' MOTION TO REMAND – PAGE 11**

Methodist is suing to collect penalties for some claims that were partially denied. However, those claims were only included in the Claims Spreadsheet sent to Aetna before the lawsuit. Nowhere are they identified within Methodist's Original Petition, which states only that Methodist electronically submitted clean claims that Aetna failed to timely pay under the TPPA. Accordingly, the exemplar claims do not appear to be at issue in the present case.") (citing *Mem. Hermann Hosp. Sys. v. Aetna Health Inc.*, No. H–09–3342, 2010 WL 3817163, at *3 (S.D. Tex. Sept. 27, 2010) (internal citations omitted) (emphasis in original) ("Aetna points to a spreadsheet Memorial provided to it, pre-suit, as support for its position that Memorial is seeking, at least in part, to challenge some of Aetna's coverage determinations. However, that spreadsheet and any coverage claims revealed there was not included by Memorial *in this case*."")).[27]

The same result should occur here: Plaintiffs' Petition (i) does not reference the three exemplar claims, or the claims that Humana contends are for FEHBA or Medicare Advantage plans; (ii) does not incorporate by reference the pre-suit claims list, and (iii) on its face, clarifies that Plaintiffs' claims are limited to those that Humana failed to timely pay at the usual and customary rate. Thus, these exemplar claims—which may have been part of Plaintiffs' pre-suit notice—are not actually part of *this* lawsuit, because they are inconsistent with the allegations pleaded in Plaintiffs' Petition.[28] Therefore, such claims cannot serve the basis for removal of this action to federal court. Plaintiffs—not Humana—are the master of their complaint, and can rely exclusively on only those claims that implicate a rate dispute and have expressly chosen to do so.

---

[27] This is an important distinction from *Lone Star OB/GYN*, where the plaintiff attached a list of claims to its petition. *See Lone Star OB/GYN*, 579 F.3d at 532-33. Even in that case, the court expressly permitted the plaintiff to, post-removal, eliminate certain claims that were on the filed claims list in order to eliminate the insurer's basis for federal jurisdiction. *Id*.

[28] Indeed, the first of Humana's three exemplar coverage claims is not even listed on the spreadsheet that Humana itself attached to its own Notice of Removal.

**PLAINTIFFS' MOTION TO REMAND – PAGE 12**

## IV. CONCLUSION & PRAYER

Humana bears the burden of proof to establish that removal is proper. It has failed to meet that burden. Plaintiff therefore respectfully requests that this Court remand this action back to the District Court for the 407th Judicial District in Bexar County, Texas. Plaintiffs further request all other relief to which they have shown themselves justly entitled.

Dated:  March 15, 2019

                                         Respectfully Submitted,

                                         THOMPSON & KNIGHT LLP

                                         By: */s/ Andrew Cookingham*
                                               Andrew Cookingham
                                               State Bar No. 24065077
                                               Andrew.Cookingham@tklaw.com

                                               Jennifer Rudenick Ecklund
                                               State Bar No. 24045626
                                               Jennifer.Ecklund@tklaw.com

                                               Jasmine S. Wynton
                                               State Bar No. 24090481
                                               Jasmine.Wynton@tklaw.com

                                         One Arts Plaza
                                         1722 Routh Street, Suite 1500
                                         Dallas, Texas 75201
                                         Telephone: 214-969-1700
                                         Facsimile: 214-969-1751

                                         **COUNSEL FOR PLAINTIFFS**


### CERTIFICATE OF CONFERENCE

        Counsel for Plaintiffs conferred with counsel for Defendants regarding the relief requested in this Motion on March 14, 2019.  Counsel for Defendants are opposed to any relief sought in this Motion.

                                         */s/ Andrew Cookingham*
                                         Andrew Cookingham


### CERTIFICATE OF SERVICE

        On March 15, 2019, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.

                                         */s/ Andrew Cookingham*
                                         Andrew Cookingham


**PLAINTIFFS' MOTION TO REMAND – PAGE 14**